IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PRESTON MATHIS | ) | CASE NO. 1:10CV0156 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| CUYAHOGA COUNTY SHERIFF'S | ) | <u>MEMORANDUM OF OPINION</u> |
| DEPARTMENT, *et al.* | ) | <u>AND ORDER</u> |
| | ) | |
| Defendants. | ) | |

Plaintiff *pro se* Preston Mathis brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983 against defendant against defendant Cuyahoga County Sheriff's Department. It appears from the caption of the complaint that he is attempting to include additional parties that are not specifically named. He alleges that while in custody at the Cuyahoga County Jail he was assaulted by an inmate which resulted in injury. Thereafter, the Cuyahoga County Jail and/or Sheriff's Department were deliberately indifferent to his serious medical needs. Furthermore, The jail officers interfered with treatment that the doctor had ordered. Plaintiff also stated in his complaint that the Court has jurisdiction over his supplemental state law tort claim wherein he alleges "Negligent Supervision of Cuyahoga County Jail's Correction Officers."[1] Plaintiff previously filed an action presenting the same facts against the Cuyahoga County Sheriff's Department which was dismissed on October 8, 2009. *Mathis v. Cuyahoga Sheriff's Department*, Case No. 1:09Cv1923.

---

[1] Since no specific corrections officers were named, the action is against the Sheriff's Department.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Plaintiff has sued the Cuyahoga County Sheriff's Department. In order to state a claim under § 1983, the plaintiff must show that the alleged violation was committed by a person acting under color of state law. *Swiecicki v. Delgado*, 463 F.3d 489, 495 (6th Cir. 2006). Under Ohio law, a sheriff's department is not a legal entity subject to suit. *Snyder v. Belmont County Sheriff's Depart.*, 2009 WL 467022 * 4 (S.D. Ohio Feb. 23, 2009)(citing *Petty v. County of Franklin*, 478 F.3d 341, 347 (6th Cir. 2007)). *See Barrett v. Wallace*, 107 F. Supp.2nd 949, 954 (S.D. Ohio 2000)(sheriff's department not a legal entity subject to suit).

The same reasoning applies to a jail. A jail is a building wherein prisoners are held and is not a person. *Coffey v. Miami County Jail*, 2007 WL 316262 * 2 (S.D. Ohio, Jan 29, 2007). Therefore, a jail is not a legal entity amenable to suit under 42 U.S.C. § 1983. *Johnson v. Blackwelder*, 2009 WL 1392596 * 4 (E.D. Tenn., May 15, 2009). *See Bradford v. Gardner*, 578 F.Supp. 382, 383 (E.D. Tenn., 1984) (county sheriff's department is not a suable entity under § 1983); *Williams v. Baxter*,

---

[2] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

536 F.Supp. 13, 16 (E.D. Tenn. 1981) (city police department is not a suable entity under § 1983).

Thus, plaintiff has failed to state a claim against the Cuyahoga County Sheriff's Department and the Cuyahoga County Jail.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. When a federal claim against the defendants is dismissed, the pendent state claims should be dismissed as well. *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966). Since the Court has granted judgment on the federal claim, the state pendent claim is hereby dismissed pursuant to 28 U.S.C. § 1367(c)(3). *Id.*

IT IS SO ORDERED.

Date: March 10, 2010

JUDGE DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE